UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>HYUNDAI MARINE AND FIRE INSURANCE CO., LTD. (U.S. BRANCH)<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, American Security Insurance Company ("ASIC"), by and through its attorneys, Hinshaw & Culbertson LLP, as and for its complaint against Defendant Hyundai Marine and Fire Insurance Co., LTD.'s (U.S. Branch) ("Hyundai" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action to obtain, among other things, a declaration that Hyundai's insurance policy was and is in full force and effect for an underlying, covered fire loss up to its $335,000 limit of liability and reimbursement for the payments that ASIC made to Hyundai's named insured, Soopchand Chetram ("Chetram"), and Hyundai's named mortgagee PennyMac Loan Services ("PennyMac").

2.      The Hyundai insurance policy was issued to Chetram on or about October 25, 2016, and, pursuant to its terms, it provided property insurance coverage and benefits to Chetram and PennyMac for a one year period.

3.      That policy was in effect on the date of loss at issue in this action, and, as such, Hyundai should have paid Chetram's and PennyMac's property damage claims, in full, arising from the fire at Chetram's premises.  It did not.

4.      Instead, in breach of its obligations, and without any basis or justification, Hyundai improperly rescinded and cancelled its insurance policy (post loss) and denied coverage

to Chetram and PennyMac for the covered fire damage; that denial of coverage was and is invalid and ineffectual as to Chetram and PennyMac.

5.     As a consequence of Hyundai's improper rescission (and the gap in coverage created thereby), ASIC placed an insurance policy that provided Chetram and PennyMac with insurance benefits and, pursuant to its terms, paid Chetram and PennyMac for the fire loss that Hyundai wrongfully denied.

6.     Hyundai is therefore obligated to reimburse ASIC, in full, for the amount it has paid to Chetram and PennyMac.

## THE PARTIES

7.     ASIC is a Delaware corporation with its principal place of business in Atlanta, Georgia that, at all relevant times, was an insurance company licensed to engage in the business of insurance in the State of New York.

8.     Upon information and belief, Hyundai is a foreign corporation engaged in the business of insurance that is, and at all relevant times was, licensed and authorized to conduct business and issue insurance policies in the State of New York, and maintains an office in Englewood Cliffs, New Jersey.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship between the parties and an amount in controversy excess of $75,000, exclusive of interest and costs.

10.     The Court also has personal jurisdiction, pursuant to sections 301 and 302(a) of the New York Civil Practice Law and Rules, over Hyundai because it is doing and transacting business in the State of New York.

11.     There is a real and actual justiciable controversy, within the meaning of 28 U.S.C. § 2201, between ASIC and Hyundai with respect to the insurance coverage due and owing under

Hyundai's insurance policy, and a judicial determination and declaration(s) is necessary and appropriate.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Hyundai's insurance policy was issued and delivered in this District, Hyundai's insurance policy provides primary coverage for property located in this District, Hyundai's alleged post loss investigation took place in this District, and Hyundai issued and delivered its improper rescission, cancellation, and denial of coverage letter in this District.

## BACKGROUND

**I.     Hyundai's Insurance Policy Provides Coverage To Chetram And PennyMac**

13.     Hyundai issued an insurance policy in New York, bearing policy number HONY2016100183-16, to Chetram that was effective from October 25, 2016 to October 25, 2017 (the "Hyundai Policy").

14.     The Hyundai Policy provides various property-related insurance benefits to Chetram, including dwelling, other structures, personal property, and loss of use coverage.

15.     In particular, the Hyundai Policy provides primary coverage for property damage to Chetram's two-family dwelling and residence located at 146-14 Lakewood Ave., Jamaica, New York (the "Premises") caused by fire.

16.     Like almost all other property insurance policies issued in New York, the Hyundai Policy contained a standard mortgagee clause.

17.     Through that clause, Hyundai agreed to and did bestow separate and distinct insurance benefits and rights upon the named mortgagee in the Hyundai Policy, PennyMac, including property damage coverages to PennyMac for losses to the Premises caused by fire.

18.     During all relevant times, and on May 14, 2017, the Hyundai Policy was in full force and effect and afforded primary coverage to Chetram and PennyMac for property damage to the Premises.

3

**II.    Hyundai Improperly Denied Coverage To Chetram For The Fire At The Premises**

19.    On May 14, 2017, the Premises sustained property damage as a result of a fire.

20.    Shortly thereafter, Chetram submitted a claim to Hyundai for the fire damage to the Premises (the "Fire Damage Claim").

21.    The Fire Damage Claim was covered under Hyundai's Policy because it involved a direct physical loss to covered property that constitutes a "residence premises"—*i.e.*, the Premises—as a result of a covered peril.

22.    Months later, however, Hyundai claimed that it "discover[ed,]" post loss, a viable basis to deny insurance benefits to Chetram for the Fire Damage Claim.  It did not.

23.    According to Hyundai, its post loss investigation of the claim revealed that certain acknowledgments by Chetram in an ambiguous insurance application were, in its opinion, inaccurate.

24.    Specifically, Hyundai alleged that Chetram acknowledged, incorrectly, that the Premises was owner occupied and not under construction or renovation in his application.  He did not.

25.    As a result of those purportedly incorrect acknowledgments and its investigation, Hyundai (improperly) rescinded and cancelled the Hyundai Policy and denied coverage to Chetram on June 29, 2017.

26.    Hyundai had (and, to this day has) no basis to rescind and cancel the Hyundai Policy or to deny coverage to Chetram for the Fire Damage Claim.

27.    Hyundai's rescission and cancellation of the Hyundai Policy and its denial of coverage to Chetram were and are invalid and ineffectual.

**III.    Hyundai Improperly Denied Coverage To PennyMac For The Fire At The Premises**

28.    On December 6, 2017, Hyundai decided to address PennyMac's property damage claim by denying coverage under the Hyundai Policy.

29.     Hyundai, however, simply recited the (improper) bases for denying coverage to Chetram that were contained in its disclaimer letter to PennyMac.  Specifically, Hyundai denied coverage to PennyMac in December 2017 because of Chetram's—not PennyMac's—purported incorrect acknowledgment of certain information in his insurance application and the alleged residence of the Premises.

30.     Hyundai failed to appreciate that PennyMac has rights under the Hyundai Policy that are independent from and not intertwined with Chetram or his alleged actions and inactions. In other words, the (meritless) coverage defenses that Hyundai asserted against Chetram had no effect on and are not a basis to deny coverage to PennyMac.

31.     The Hyundai Policy specifically provides that "[i]f we deny [Chetram's] claim, that denial will not apply to a valid claim of the mortgagee[.]"

32.     PennyMac's claim arising from the fire at the Premises—*i.e.*, the Fire Damage Claim—was valid and covered by the Hyundai Policy.

33.     Even though the Fire Damage Claim fell squarely within the primary coverages afforded by the Hyundai Policy, Hyundai refused to pay PennyMac for the loss.

34.     Hyundai had (and, to this day has) no basis to rescind and cancel the Hyundai Policy or to deny coverage to PennyMac for the Fire Damage.

**IV.    Hyundai's Improper Denial Of Its Coverage Obligations And Failure To Pay The Covered Fire Damage Claim Under The Hyundai Policy Led ASIC To Pay The Loss**

35.     After, and as a consequence of, the improper rescission of the Hyundai Policy, ASIC issued a lender placed residential dwelling insurance policy (the "ASIC Policy") for PennyMac as Named Insured and Chetram as Borrower that, like the Hyundai Policy, provided PennyMac and Chetram with insurance benefits for the Premises.  The ASIC Policy was placed for the period of October 25, 2016 and October 25, 2017, to cover the gap in insurance on the Premises created by the improper rescission of the Hyundai Policy.

36.     The ASIC Policy provided coverage for direct loss to the Premises caused by, among other things, fire.

37.     Because Hyundai improperly rescinded and cancelled the Hyundai Policy and denied its coverage obligations to Chetram and PennyMac for the fire loss at the Premises, ASIC issued lender placed coverage and, pursuant to the terms of the ASIC Policy, was compelled to pay $216,681.18 for the Fire Damage Claim.

38.     That payment for the Fire Damage Claim should have been borne by Hyundai, not ASIC.

## FIRST CAUSE OF ACTION

39.     ASIC repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 38 as if fully set forth at length herein.

40.     The Hyundai Policy was issued to Chetram on or about October 25, 2016, and it provided primary insurance coverage and benefits to Chetram (and others) for a one year period up to and including October 25, 2017.

41.     The Hyundai Policy was in full force and effect when the fire at the Premises occurred on May 14, 2017.

42.     The Hyundai Policy provides primary coverage to Chetram for, among other things, property damage to the Premises caused by fire.

43.     The Fire Damage Claim involved a direct, physical fire loss to the Premises that constitutes a "residence premises," which is and was covered under the Hyundai Policy.

44.     Hyundai was obligated to pay the Fire Damage Claim to Chetram in full under the Hyundai Policy.

45.     Hyundai wrongfully refused to satisfy its obligations to Chetram for the Fire Damage Claim under the Hyundai Policy.

46.     Specifically, Hyundai improperly (i) rescinded and cancelled the Hyundai Policy based on Chetram's purported incorrect acknowledgments in his insurance application, and (ii) denied coverage for the Fire Damage Claim based on the alleged residence of the Premises.

47.     Hyundai had (and, to this day has) no basis to rescind and cancel the Hyundai Policy or to deny coverage to Chetram for the Fire Damage.

48.     ASIC is therefore entitled to a judgment declaring that (i) Hyundai's purported rescission and cancellation of the Hyundai Policy was invalid and without legal effect or significance as to Chetram, (ii) Hyundai's denial of the Fire Damage Claim based on the alleged residence of the Premises was invalid and without legal effect or significance as to Chetram, and (iii) the Hyundai Policy is in full force and effect and Hyundai must fully cover the Fire Damage Claim to Chetram.

## SECOND CAUSE OF ACTION

49.     ASIC repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 48 as if fully set forth at length herein.

50.     The Hyundai Policy was issued on or about October 25, 2016, and it provided primary insurance coverage and benefits to, among others, PennyMac, the named mortgagee, for a one year period up to and including October 25, 2017.

51.     The Hyundai Policy contained a standard mortgagee clause that created a separate and distinct contract of insurance by and between Hyundai and PennyMac.

52.     In other words, PennyMac's coverage rights under the Hyundai Policy were and are independent from and not intertwined with Chetram or his alleged actions and inactions.

53.     The Hyundai Policy provides coverage to PennyMac for, among other things, property damage to the Premises caused by fire.

54.     The Hyundai Policy was in full force and effect when the fire at the Premises occurred on May 14, 2017.

7

55.    The Fire Damage Claim involved a fire loss to the Premises, which is and was covered under the Hyundai Policy.

56.    Hyundai was obligated to pay the Fire Damage Claim to PennyMac in full under the Hyundai Policy.

57.    Hyundai wrongfully refused to satisfy its obligations to PennyMac for the Fire Damage Claim under the Hyundai Policy.

58.    Instead, Hyundai simply recited the improper bases for denying coverage that it (erroneously) claimed were applicable to Chetram in its disclaimer letter to PennyMac. Specifically, Hyundai denied coverage to PennyMac because (i) Chetram—not PennyMac— purportedly acknowledged certain information in his insurance application incorrectly (*i.e.*, rescission and cancellation), and (ii) the alleged residence of the Premises.

59.    The coverage defenses that Hyundai asserted against Chetram have no effect on and are not a basis to deny coverage to PennyMac.

60.    Thus, even if Hyundai's rescission and cancellation and residence-based coverage defenses are valid as against Chetram—which they are not—they would have no impact on PennyMac's coverage rights for the Fire Damage Claim.

61.    Hyundai had (and, to this day has) no basis to rescind and cancel the Hyundai Policy as to PennyMac or to deny coverage to PennyMac for the Fire Damage.

62.    ASIC is therefore entitled to a judgment declaring that (i) Hyundai's purported rescission and cancellation of the Hyundai Policy was invalid and without legal effect or significance as to PennyMac, (ii) Hyundai's denial of the Fire Damage Claim based on the alleged residence of the Premises was invalid and without legal effect or significance as to PennyMac, and (iii) the Hyundai Policy is in full force and effect and Hyundai must fully cover the Fire Damage Claim to PennyMac.

## THIRD CAUSE OF ACTION

63.     ASIC repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 62 as if fully set forth at length herein.

64.     Hyundai was obligated, pursuant to the terms and provisions of the Hyundai Policy, to pay the Fire Damage Claim in full to Chetram and PennyMac.

65.     Despite its obligations, and Chetram's and PennyMac's requests, Hyundai refused to provide insurance coverage for the Fire Damage Claim to them.

66.     Hyundai had (and, to this day has) no basis to rescind and cancel or deny coverage to Chetram and PennyMac for the Fire Damage Claim under the Hyundai Policy.

67.     Since Hyundai failed to meet its primary coverage obligations to Chetram and PennyMac, ASIC, pursuant to the terms of the ASIC Policy, was compelled to pay $216,681.18 for the Fire Damage Claim.

68.     ASIC is therefore entitled to a judgment that Hyundai must reimburse ASIC for its $216,681.18  payment, plus interest, fees, and costs.

WHEREFORE, ASIC respectfully requests that the Court enter judgment:

(i)     Declaring that Hyundai's purported rescission and cancellation of the Hyundai Policy was invalid and without legal effect or significance as to Chetram, Hyundai's denial of the Fire Damage Claim based on the alleged residence of the Premises was invalid and without legal effect or significance as to Chetram, and the Hyundai Policy is in full force and effect and Hyundai must fully cover the Fire Damage Claim to Chetram;

(ii)    Declaring that Hyundai's purported rescission and cancellation of the Hyundai Policy was invalid and without legal effect or significance as to PennyMac, (ii) Hyundai's denial of the Fire Damage Claim based on the alleged residence of the Premises was invalid and without legal effect or

significance as to PennyMac, and (iii) the Hyundai Policy is in full force and effect and Hyundai must fully cover the Fire Damage Claim to PennyMac;

(iii)   Ordering Hyundai to reimburse ASIC for its $216,681.18 payment to Chetram and PennyMac, plus interest, fees, and costs; and

(iv)   Awarding ASIC such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 21, 2018

HINSHAW & CULBERTSON LLP

By: _____
      Joseph G. Silver
      Brent M. Reitter

800 Third Avenue, 13th Floor
New York, New York 10022
(212) 471-6200

*Attorneys for Plaintiff American Security Insurance Company*